**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**FRANK PAYNE**                                                                                            **MOVANT**

**v.**                                                                                                  **No. 4:04CR87-P**

**UNITED STATES OF AMERICA**                                                                       **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* motion of Frank Payne to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded, and Payne has replied. The matter is ripe for resolution. As discussed below, the instant motion shall be dismissed because Payne waived all rights to appeal or pursue post-conviction collateral relief in his plea agreement.

**Facts and Procedural Posture**

Frank Payne was charged May 25, 2004 in a two-count indictment. Count One charged him with possession with intent to distribute in excess of 50 grams of crack cocaine on March 18, 2004, in violation of 21 U.S.C. § 841(a), (b)(1)(A). Count Two charged that on May 18, 2004, he possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). He was arrested June 2, 2004, retained counsel, was arraigned, pled not guilty, then released on bond on June 3, 2004. On September 17, 2004, Payne and his counsel signed a plea agreement and filed it with the court. On September 21, 2004, Payne and his counsel appeared before the court in Greenville, Mississippi. Payne entered a guilty plea to both counts of the indictment under the plea agreement. On February 10, 2005, Payne appeared with his counsel before the court in Oxford, Mississippi, where the court sentenced him to serve 10 years on Count One and 5 years on Count Two. Both sentences were the statutory minimum. The court ordered Payne to surrender voluntarily March 21, 2005, and entered judgment on March 16,

2005. Payne did not appeal his conviction or sentence. On February 13, 2006, he filed a *pro se* motion and memorandum in support under 28 U.S.C. § 2255 challenging his conviction on Count Two of the indictment.

### Payne's Claims

Payne argues three claims for relief – two based on ineffective assistance of counsel and one alleging involuntary plea: (1) failure of counsel to seek dismissal of Count Two of the indictment on the grounds of duplicity and failure to charge the elements of an offense; (2) failure of counsel to object to the court's constructive amendment of the indictment during the plea hearing; and (3) that defense counsel and the court deceived him regarding the elements of the offense to which he pled guilty – a fact rendering his guilty plea involuntary, unintelligent, and unknowing.

### Waiver of Right to Appeal and
### to Seek Post-Conviction Collateral Relief

Payne's plea agreement provided that:

WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS:
Defendant FRANK PAYNE hereby expressly waives his rights to appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742. Defendant FRANK PAYNE also hereby expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any postconviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255. Defendant FRANK PAYNE waives these rights in exchange for the concessions and recommendations made by the United States in this plea agreement.

At the plea hearing the prosecutor, at the direction of the court, read the plea agreement on the record, including the waiver provision. Plea Tr. 16. The court asked Payne if he agreed with the prosecutor's statement or if there was anything about the agreement, as read, that Payne disagreed with. Payne stated "I agree." Plea Tr. 18.

The court then addressed the waiver provision:

THE COURT:  Mr. Payne, under Paragraph 9 of the plea agreement it provides for a waiver of all appeals and collateral attacks and you have agreed by this – by the plea agreement you waive your right to appeal both the conv[i]ction and/or the manner in which the sentence was imposed or the fact that you were sentenced on any grounds whatsoever.  This is including but not limited to the provisions as set forth in Title 18, United States Code, Section 3742.  And those deal with application of the Sentencing Guidelines.  You also waive your right to contest or collaterally attack the conviction and/or sentence and the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to an action under Title 28, United States Code, Section 2255, which is the federal habeas corpus statute.  Do you understand that you are giving up those rights to appeal and to collaterally attack or contest the sentencing or conviction, or really anything else about this proceeding?  Do you understand that?

THE DEFENDANT:  Yes, sir.

Plea Tr. 20.

Payne expressly waived the right to "appeal the conviction and/or sentence imposed" and "all rights to contest or collaterally attack the conviction and/or sentence."  Plea Agreement 3. As with a guilty plea, "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of the waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).  However, "when the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994), *cert. denied*, 513 U.S. 893 (1994).

Payne's counsel and the court informed him of the waiver provision of his plea agreement, and Payne understood it.  *See United States v. Portillo*, 18 F.3d 290, 292-293 (5th Cir. 1994), *cert. denied*, 513 U.S. 893 (1994); *United States v. Baymon*, 312 F.3d 725, 729 (2002);

*United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). In addition, as discussed in another section below, Payne's plea of guilty was knowingly and voluntarily given. For these reasons, Payne's request for relief shall be dismissed, as he executed a valid waiver of his right to appeal and seek post-conviction collateral relief.

**Payne's Challenges to the Language of the Indictment
Through a Claim of Ineffective Assistance of Counsel**

Payne was charged in Count II of the indictment under 18 U.S.C. § 924(c)(1), which states, in relevant part, "any person who, *during and in relation to* any . . . drug trafficking crime . . . *uses or carries* a firearm, *or* who, *in furtherance of* any such crime, *possesses* a firearm, shall [be punished]." 18 U.S.C. § 924(c)(1) (emphasis added). This language describes two similar, but distinct, crimes: (1) using or carrying a firearm during and in relation to a drug trafficking crime, and (2) possessing a firearm in furtherance of a drug trafficking crime. Payne argues that indictment, Count II of the indictment charged that Payne "knowingly *possessed* a firearm *during and in relation to* and *in furtherance of* a drug trafficking crime . . . ." (emphasis added). At the plea hearing, the court directed the prosecutor to read into the record the substance of the charges against Payne. Plea Tr. 13. The prosecutor did so, stating that Count II "charges *possession* of a firearm *during and in relation to* and *in furtherance of* a drug trafficking crime. That is, while *possessing* with intent to distribute cocaine base, crack cocaine, he *possessed* firearms . . . in violation of . . . Section 924(c)(1)." (emphasis added). Thus, the language in the indictment did not precisely track the language of the statute, and neither did the language used at the plea hearing to explain the charges to Payne.

Payne makes three arguments regarding these differences in charging language. First, Payne argues that the indictment charged more than one offense in a single count – and failed to charge the necessary elements of the offense – and should have been dismissed. He argues that

-4-

defense counsel was ineffective in failing to object to the indictment on this basis. Second, Payne argues that the use of slightly different language while explaining the charge during the plea hearing amounted to a constructive amendment of the indictment, requiring dismissal of the charges. Payne thus argues that counsel was ineffective in failing to object to this alleged amendment of the indictment. Finally, Payne argues that the descriptions of the offense given by the prosecutor and the court amounted to providing Payne with an erroneous list of elements of the crime, rendering the plea unknowing and involuntary. Payne argues that his attorney was ineffective for failing to object to the validity of his plea on this basis. As discussed below, none of these grounds for relief has merit, and Payne's request for relief under 28 U.S.C. § 2255 for ineffective assistance of counsel shall be denied.

## Ineffective Assistance of Counsel Standard

In order to prevail on a claim that counsel rendered ineffective assistance, a movant under 28 U.S.C. § 2255 must prove that counsel's performance was deficient and that the deficient performance caused prejudice to the movant's legal position. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557

(1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

### Difference in Language Describing the Offense
### In the Indictment Was Mere Surplusage, Not Duplicitous

Payne cites *United States v. Pleasant*, 125 F.Supp.2d 173 (E.D. Va. 2000) to support his contention that Count II of his indictment is duplicitous – and failed to charge all elements of the offense. In *Pleasant*, the indictment charged under 18 U.S.C. § 924(c)(1) that Pleasant "during, in relation to, and in furtherance of a crime of violence, did knowingly and unlawfully *carry* and *possess* a firearm . . . ." *Id.* (emphasis added). Pleasant sought dismissal of the counts using this language on the grounds of duplicity and multiplicity. Duplicity is the joining of two or more distinct offenses in a single count of the indictment. *Id.* at 175-176. To determine whether the counts charged more than one offense, the court examined the counts in question to determine whether identical evidence will support each offense. *Id.* The district court concluded that different facts would be required to trigger each offense, and that § 924(c)(1) "proscribes (and punishes) two separate offenses." *Id.* at 182-183. For this reason, the district court dismissed the counts of the indictment reading that Pleasant "during, in relation to, and in furtherance of a crime of violence, did knowingly and unlawfully *carry* and *possess* a firearm." *Id.* (emphasis added).

The holding in *Pleasant* does not, however, apply to Payne's indictment in this case. Section 924(c)(1) sets forth two different offenses, the first for *using or carrying* a firearm; the second for *possessing* a firearm. Payne was charged in the indictment only with *possessing* a firearm. The "in furtherance of" language of § 924(c)(1) associated with possession of a firearm *was* included in the indictment – as well as the court's and prosecution's recitation of the charges to Payne during the plea hearing. In addition, the specific acts of possessing the various firearms

and the underlying offense were detailed in the indictment – and at the plea hearing. The addition of the "during and in relation to" language does not detract from the charged offense.

> As long as the crime and the element of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime . . . . A part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as 'a useless averment' that 'may be ignored.'

*United States v. Miller*, 471 U.S. 130, 136 (1985).

The element of "during and in relation to" is unnecessary to sustain a conviction for possession of a firearm *if the district court properly omits it in defining the offense during the plea hearing*. *United States v. Brooks*, 438 F. 3d 1231, 1237 (10th Cir. 2006). That is what happened in the present case. The prosecutor quoted the language of the indictment, then applied the language to Payne's actions, "That is, while *possessing* with intent to distribute cocaine base, crack cocaine, he *possessed* firearms . . . in violation of . . . Section 924(c)(1)." (emphasis added). For these reasons, the court holds that Count II of the indictment contained all the language necessary to charge the offense – and did not charge more than one offense. Payne's substantive claim that Count II of the indictment is duplicitous must fail. Therefore, as the Count II of the indictment properly charges Payne with the offense, counsel was not deficient in declining to challenge the indictment on that basis.

### Constructive Amendment of the Indictment

Payne alleges that the court's use of slightly different language while explaining the charge based upon possession of a firearm during the plea hearing amounted to a constructive amendment of Count II of the indictment, requiring dismissal of the charges. The law does not support this position. At the plea hearing the court advised Payne that Count Two charged a violation of 18 U.S.C. § 924(c)(1), "which charges possession of firearms during and in relation

to and *in furtherance of* a drug trafficking crime." The court explained, and Payne acknowledged he understood, that to be found guilty, the prosecution would have to prove beyond a reasonable doubt:

> First, that on or about the date charged, in the Northern District of Mississippi, you *possessed* a firearm *during and in relation to* a drug trafficking crime. In this case that you *possessed* a firearm *in furtherance of* possession with intent to distribute cocaine base . . . . That you did so – the second element is that you did so knowingly and intentionally.

Plea Tr. 10 (emphasis added).

A court constructively amends an indictment "in violation of the Fifth Amendment if the jury is permitted to convict the defendant on an alternative basis permitted by the statute but *not* charged in the indictment." *United States v. Dixon*, 273 F.3d 636, 639 (5th Cir. 2001) (emphasis added). When the indictment charges that the defendant "used and carried, and in furtherance of such drug trafficking crime, possessed a firearm," instructions to the jury based solely on the theory that he *possessed* a firearm in furtherance of a drug crime, does not materially alter the offense charge or constitute a fatal variance. *United States v. Urkevich*, 408 F.3d 1031, 1035-1036 (8th Cir. 2005). An indictment may charge multiple offenses or the commission of any one offense in several ways. *United States v. Miller*, 471 U.S. 130, 136 (1985). A part of the indictment unnecessary to the allegations and independent from them may be treated as a useless averment that may be ignored. *United States v. Miller*, 471 U.S. 130, 136 (1985). Regarding the language at issue in the present case, the element of "during and in relation to" is unnecessary to sustain a conviction for possession because the court omitted it in defining the offense. *United States v. Brooks*, 438 F. 3d 1231, 1237 (10th Cir. 2006).

The court informed Payne that: "If [the government] failed to prove any of the elements under Count Two, you would have to be found not guilty," and asked him: "Do you understand that?" Payne replied: "Yes, sir." The court continued: "Those elements would have to be

-8-

proved beyond a reasonable doubt. All right sir, do you think you understand the charges that are being brought against you?" Payne again answered: "Yes, sir." Plea Tr. 10-11. The court then directed the prosecutor to state into the record the substance of the plea agreement. The prosecutor then stated the substance of Count Two:

> charges possession of a firearm during and in relation to and in furtherance of a drug trafficking crime. That is, while possessing with intent to distribute cocaine base, crack cocaine, he possessed firearms . . . in violation of . . . Section 924(c)(1) . . . .

Plea Tr. 13.

At the conclusion of the prosecutor's statement of the plea agreement, the court questioned Payne: "Do you agree with the statement that he made or is there anything about that agreement, as he stated it, that you disagree with?" Payne answered: "I agree." Plea Tr. 18. The court asked Payne "did you do as is charged in" Count One and Count Two, and Payne answered: "Yes, sir." The court then directed the prosecutor to read into the record a summary of the evidence that would be presented on each count. In summarizing the evidence, the prosecutor stated that officers executed a search warrant on Payne's residence resulting in the seizure of 140.72 grams of crack cocaine, 0.14 grams of powder cocaine, marijuana, a set of scales, and firearms. As the officers entered, Payne attempted to flee toward a back bedroom, but was apprehended. As to the firearms, the prosecutor stated:

> The firearms found in the residence . . . included: an SKS 7.62 by 39 semi-automatic assault rifle; a Lugar Model AB-10 Tech 9, Nine millimeter handgun; a Remington Model 870, .12 gauge shotgun; a Volunteer Arms .12 gauge shotgun; a Sport King .22 caliber rifle; a Hi-Point nine millimeter semi-automatic pistol; and an Interarms nine millimeter semi-automatic pistol. The firearms were readily available and accessible to the defendant to provide a defense against anyone attempting to rob him of drugs or drug profit.

Plea Tr. 21-22.

At the conclusion of the prosecutor's summary, the court asked Payne if he disagreed

with anything the prosecutor said.  Counsel for the defendant responded that he had discussed the charges with Payne, who disagreed with two things:

> One, he is pleading on the basis that possession of these items, including the drugs and the guns, was at his primary place of residence for which he was the sole person whose primary place of residence this was, not actual possession on his person.  And to that end, he has no recollection of the 0.14 grams of powder cocaine in that residence.  And of the guns listed – and he and I have discussed the difference between ownership and possession of these items – that only one of these guns actually belonged to him.  The others belonged to other people . . . .

Plea Tr. 23.

The court again asked Payne:  "Do you admit the allegations as contained in the factual statement that Mr. Spillers just gave with the exception of the cocaine powder?"  Payne replied:  "Yes, sir."  The court asked:  "Is that correct?"  And Payne repeated:  "Yes, sir."  The court asked him if he pled guilty or not guilty.  Payne pled guilty to both counts.  The court found that Payne was voluntarily pleading guilty – and accepted Payne's plea of guilty to each count.  Plea Tr. 24-25.

Thus, from indictment to entry of his plea, Payne was on notice he was charged with – and pleading guilty to – possession of accessible firearms to protect his crack cocaine trafficking operation.  This is the very essence of possession of firearms "in furtherance of" a drug trafficking crime and also encompasses possession "during and in relation to" a drug trafficking crime.  *United States v. Ceballos-Torres*, 218 F.3d 409, 412, 413 & n. 4 (5th Cir. 2000).  The two phrases differ only slightly, and both serve similar functions:  requiring the government to prove more than the mere presence of a firearm during a drug trafficking crime.  *United States v. Avery*, 295 F.3d 1158, 1174-1175 (10th Cir. 2002).  Both have similar dictionary and statutory meaning.  "The dictionary defines "'furtherance" as 'the act of furthering, advancing, or helping forward' . . . .  Thus, firearm possession that furthers, advances, or helps forward the drug trafficking offense violates the statute."  *United States v. Ceballos-Torres*, 218 F.3d 409, 412,

-10-

413 (5th Cir. 2000). "According to Webster's, 'in relation to' means 'with reference to' or 'as regards' . . . . The phrase 'in relation to' thus, at a minimum, clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime." *Smith v. United States*, 508 U.S. 223, 237-238). Likewise, "'during and in relation to' and 'in furtherance of' require similar proof." *United States v. Arreola*, 446 F. 3d 926, 933 (9th Cir. 2006).

Payne contends that because the indictment included "during and in relation to" as well as "in furtherance of," and because the court omitted the former in advising him of the elements of the offense, his plea was uninformed and thus involuntary. He does not explain how the omission was error, how it adversely affected his plea, or how it rendered him unable to comprehend the charge against him. Instead, he simply notes the difference in language and states that the difference is a fatal defect. Payne has demonstrated no prejudice from the slightly different language, particularly in the face of the clear description of the offense given by the prosecutor. As such, his claim must be denied. *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1999). "The voluntariness of a guilty plea is a question of law . . . . based on the record and the Rule 11 colloquy." *United States v. Reyna*, 130 F.3d 104, 111, n. 10 (5th Cir. 1997), *cert. denied*, 528 U.S. 1053 (1998)." A guilty plea is voluntary only when the defendant received real notice of the true nature of the charge against him. *Id.* However, even when a trial judge fails to explain the offense, a guilty plea is voluntary if the record shows that the defendant understood his plea and its consequences. *Id.* at 112. In this case the court and the government informed Payne of the true nature of the charges against him and their consequences, and Payne repeatedly assured the court that he understood them. As such, Payne gave his plea of guilty knowingly and voluntarily, and the decision of his defense attorney not to challenge the validity of the plea on this basis constituted effective assistance of counsel. As such, Payne's final claim of ineffective

-11-

assistance of counsel must be denied.

In sum, all of Payne's claims for relief under 28 U.S.C. § 2255 shall be denied. A final judgment consistent with this memorandum opinion shall issue today.


**SO ORDERED,** this the 3rd day of March, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE